**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

EUREKA WATER COMPANY, an Oklahoma corporation,

Plaintiff,

vs.

NESTLÉ WATERS NORTH AMERICA INC., a Delaware corporation,

Defendant.

Case No. CIV-07-988-M

**ORDER**

Before the Court is defendant's Motion to Quash Document and Deposition Subpoenas to Wal-Mart Stores, Inc. and Sam's Club, Inc., filed July 29, 2009. On August 14, 2009, plaintiff filed its response, and on August 25, 2009, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

On July 7, 2009, plaintiff issued two subpoenas to Sam's Club, Inc. ("Sam's Club"), one deposition subpoena and one subpoena requesting the production of documents. On that same day, plaintiff issued two identical subpoenas to Wal-Mart Stores, Inc. ("Wal-Mart"). These four subpoenas seek information concerning purchases by Sam's Club and Wal-Mart of Ozarka-brand bottled water products from defendant. Specifically, the subpoenas requesting the production of documents seek the production of the following documents:

> 1. All documents relating to agreements between you and Nestlé Waters North America, Inc. for the past five years, including any agreements for the sale of Ozarka bottled water for the State of Oklahoma excluding the Counties of Cherokee, Craig, Creek, Delaware, Latimer, McIntosh, Mayes, Muskogee, Okmulgee, Osage, Ottawa, Pittsburg, Nowata, Rogers, Tulsa, Wagoner and Washington.

2. All invoices between you and Nestlé Waters North America, Inc. for the past five years for the sale of Ozarka bottled water for the State of Oklahoma excluding the Counties of Cherokee, Craig, Creek, Delaware, Latimer, McIntosh, Mayes, Muskogee, Okmulgee, Osage, Ottawa, Pittsburg, Nowata, Rogers, Tulsa, Wagoner and Washington.

3. Your purchases of Ozarka bottled water products from Nestlé Waters North America, Inc. for the past five years for the State of Oklahoma excluding the Counties of Cherokee, Craig, Creek, Delaware, Latimer, McIntosh, Mayes, Muskogee, Okmulgee, Osage, Ottawa, Pittsburg, Nowata, Rogers, Tulsa, Wagoner and Washington.

Further, the deposition subpoenas seek deposition testimony regarding the following:

1. The business relationship you have with Nestlé Waters North America, Inc. concerning Ozarka brand bottled waters sold by you in Oklahoma over the past five (5) years.

2. The volume of bottled water products that you have purchased from Nestlé Waters North America, Inc. relating to the Ozarka brand bottled waters sold by you in Oklahoma over the past five (5) years.

3. The amount of revenue paid by you to Nestlé Waters North America, Inc. for Ozarka bottled waters sold by you in Oklahoma over the past five (5) years.

4. A person who can testify as to the impact on your business (if any) as a result of the letter attached as Exhibit "B".

Pursuant to Federal Rule of Civil Procedure 45(c)(3), defendant moves this Court for an order quashing the four subpoenas. Specifically, defendant contends the four subpoenas seek business information that is confidential and proprietary, and the disclosure of such information will cause harm to defendant. Defendant further contends that the subpoenas are overbroad in scope and extend to documents and information that are irrelevant to the issues involved in this lawsuit.

## II. Discussion

Rule 45(c)(3) provides, in pertinent part:

> To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
>
> (i) disclosing a trade secret or other confidential research, development, or commercial information; . . . .

Fed. R. Civ. P. 45(c)(3)(B)(i).

> (T)here is no absolute privilege for trade secrets and similar confidential information. To resist discovery under Rule 26(c)(7), a person must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful. If these requirements are met, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action. The district court must balance the need for the trade secrets against the claim of injury resulting from disclosure. If proof of relevancy or need is not established, discovery should be denied. On the other hand, if relevancy and need are shown, the trade secrets should be disclosed, unless they are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing.

*Centurion Indus., Inc. v. Warren Steurer and Assocs.*, 665 F.2d 323, 325-26 (10th Cir. 1981) (internal quotations and citations omitted). Further,

> [t]he need for accommodation between protecting trade secrets, on the one hand, and eliciting facts required for full and fair presentation of a case, on the other hand, is apparent. Whether disclosure should be required depends upon a weighing of the competing interests involved against the background of the total situation, including consideration of such factors as the dangers of abuse, good faith, adequacy of protective measures, and the availability of other means of proof.

*Id.* at 326 n.6 (internal quotations and citation omitted). Finally,

> [i]t is within the sound discretion of the trial court to decide whether trade secrets are relevant and whether the need outweighs the harm

> of disclosure. Likewise, if the trade secrets are deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion.

*Id.* at 326.

Having carefully reviewed the parties' submissions, the Court finds that defendant has established that the information sought regarding the pricing information and sales terms between defendant and Wal-Mart and Sam's Club is protected confidential commercial information as contemplated by Rule 45(c)(3). In fact, in its response, plaintiff does not truly dispute that the information is confidential commercial information. Additionally, the Court finds that defendant has established that disclosure of such information likely could be harmful to defendant. Specifically, the Court finds that disclosure of the pricing information and sales terms between defendant and Wal-Mart and Sam's Club could place defendant at a competitive disadvantage in the marketplace.

The Court further finds that information regarding defendant's business relationship with Wal-Mart and Sam's Club, regarding defendant's direct sales of Ozarka products to Sam's Club and Wal-Mart, and regarding the effect plaintiff's October 2007 letter had on defendant's business relationship with Wal-Mart and Sam's Club is relevant and necessary to this case. Specifically, the Court finds that information regarding defendant's business relationship with Wal-Mart and Sam's Club and the effect plaintiff's October 2007 letter had on that relationship is relevant to defendant's counterclaims which allege that plaintiff tortiously interfered with defendant's business relationship with Sam's Club and Wal-Mart based upon the October 2007 letter. The Court finds that to defend these counterclaims plaintiff is entitled to conduct discovery of the business relationship between

defendant and Sam's Club and Wal-Mart, both before and after the October 2007 letter.[1] Additionally, the Court finds that information regarding the volume of actual sales of Ozarka products from defendant to Sam's Club and Wal-Mart is relevant to plaintiff's damage claim which arises out of defendant's alleged failure to pay royalty payments for defendant's direct shipment/sales of Ozarka water to Sam's Club and Wal-Mart.

Because the Court has found that the information sought is confidential commercial information and is relevant and necessary, the Court must balance the need for this information against any injury to defendant which would result from the disclosure of this information. Balancing the need against the potential injury, the Court finds that the subpoenas should not be quashed; however, the Court finds that the subpoenas should be slightly modified and a protective order should be entered. Specifically, the Court finds that all information sought should be limited to the sixty county territory in Oklahoma covered by plaintiff's license and the information regarding sales of Ozarka water products to Wal-Mart should be limited to those sales to the Wal-Mart distribution center in Pauls Valley, Oklahoma. Further, while the subpoenas are not overbroad on their face, the Court finds that to the extent the requested documents contain information regarding other brands of water, said information should be redacted. Finally, the Court finds that a protective order should be entered restricting the use of this information to the instant litigation and restricting the disclosure of said information to the attorneys for each party and to outside experts.

[1]In its motion, defendant questions the five year time period set forth in the subpoenas. Because this Court has found that plaintiff is entitled to conduct discovery of the business relationship both before and after the October 2007 letter, the Court finds that the five year time period is appropriate.

## III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Quash Document and Deposition Subpoenas to Wal-Mart Stores, Inc. and Sam's Club, Inc. [docket no. 88]. Additionally, the Court ORDERS that any information obtained as a result of the subpoenas issued to Wal-Mart and Sam's Club shall only be used for purposes of the instant litigation and shall only be disclosed to the attorneys for each party and to outside experts.

**IT IS SO ORDERED this 20th day of October, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE