# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EUREKA WATER COMPANY, an Oklahoma corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-07-988-M ) |
| NESTLÉ WATERS NORTH AMERICA INC., a Delaware corporation, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is defendant's Motion for Reconsideration, filed April 5, 2010. On April 12, 2010, plaintiff filed its response, and on April 19, 2010, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

Defendant moves this Court to reconsider its March 26, 2010 Order granting in part and denying in part defendant's motion for summary judgment due to an alleged error of law. Specifically, defendant contends that the 1975 License Agreement at issue in this case is governed by Oklahoma contract law, not the Uniform Commercial Code ("UCC").

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed the parties' submissions, the Court finds no grounds warranting reconsideration in the case at bar. The Court finds no intervening change in the controlling law, no

new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. The Court further finds it did not misapprehend the facts, it did not misapprehend defendant's position, and it did not misapprehend the controlling law. Specifically, as set forth below, the Court finds that it was not error to find that the 1975 License Agreement is governed by the UCC.

In Oklahoma, Article 2 of the UCC governs "transactions in goods." Okla. Stat. tit. 12A, § 2-102. It is undisputed that the bottled water at the heart of the 1975 License Agreement is a "good." Thus, this Court must determine whether the 1975 License Agreement constitutes a "transaction in goods."

Defendant asserts that the 1975 License Agreement only effected the transfer of an intangible right to use the Ozarka brand in a certain area of Oklahoma, not a sale of Ozarka-brand goods. A review of the 1975 License Agreement, however, reveals that it involves more than just the transfer of an intangible right to use the Ozarka brand but is, at heart, an agreement regarding the production, bottling, advertisement, distribution, and sale of Ozarka bottled water. First, the Court would note that the parties to the agreement are referred to as "SUPPLIER" and "DISTRIBUTOR," words commonly used in relation to transactions involving goods. Second, throughout the agreement are provisions regarding the method of production of the water, the "good" to be sold. Further, under the agreement, the DISTRIBUTOR is required to send production line samples to the SUPPLIER for quality control testing and to obtain the approval of the SUPPLIER of all labels to be placed on the bottles. Third, under the 1975 License Agreement, the SUPPLIER is to furnish to the DISTRIBUTOR "OZARKA drinking water concentrates in such quantities as may be required by DISTRIBUTOR for the production of OZARKA drinking water, charging DISTRIBUTOR therefor

2

at its own cost plus freight." 1975 License Agreement at 7. Finally, the 1975 License Agreement contains a provision regarding product liability, a provision which the Court finds clearly indicates that the agreement involves the production and sale of goods. *See* 1975 License Agreement at 9.

Therefore, based upon the above, the Court finds that the 1975 License Agreement constitutes a "transaction in goods" and the UCC, therefore, governs said agreement.

Accordingly, the Court DENIES defendant's Motion for Reconsideration [docket no. 176].

**IT IS SO ORDERED this 4th day of May, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE