**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

EUREKA WATER COMPANY,      )
an Oklahoma corporation,        )
                                )
              Plaintiff,      )
                                )
vs.                              )      Case No. CIV-07-988-M
                                )
NESTLÉ WATERS NORTH AMERICA     )
INC., a foreign corporation,       )
                                )
              Defendant.    )

## ORDER

On June 8, 2010, following a four week jury trial, the jury returned a verdict in favor of plaintiff on its breach of contract claim, its tortious interference with business relations claim, defendant's monies due on account claim, defendant's unfair competition under the Lanham Act claim, and defendant's violation of the Oklahoma Deceptive Trade Practices Act claim and in favor of defendant on plaintiff's violation of the Oklahoma Deceptive Trade Practices Act claim. The jury awarded plaintiff damages in the sum of $9.2 million as to its claim for breach of contract and awarded plaintiff damages in the sum of $5 million as to its claim for tortious interference with business relations.

Based upon the Court's post-verdict discussion with counsel for the parties, each party has now briefed the issues regarding the remaining equitable claims in this case. Plaintiff requests the Court enter judgment in favor of plaintiff on its equitable claims as follows: (1) enter a declaratory judgment that the 1975 License Agreement between plaintiff and defendant is exclusive, and it applies to all Ozarka products, including Ozarka spring water; (2) find defendant has been unjustly enriched in the amount of $215,176.00 and award said amount to plaintiff; and (3) on the basis of promissory estoppel, find plaintiff is entitled to $1,056,474.00 for the underpayment of royalties and

is entitled to $298,393.00 for amounts owed for pick-up allowances, billbacks, and other payments. Defendant moves the Court for injunctive relief on its counterclaims for unfair competition in violation of § 43(a) of the Lanham Act and for deceptive trade practices in violation of the Oklahoma Deceptive Trade Practices Act and requests the Court not to add the two verdict amounts together.

I.      Declaratory Judgment

Based upon the jury's verdict, plaintiff contends that the Court should award it a judgment declaring that the 1975 License Agreement between plaintiff and defendant is exclusive and it applies to all Ozarka products, including Ozarka spring water. Defendant asserts that plaintiff's requested declaratory judgment is overly broad and omits critical limitations on plaintiff's rights under the 1975 License Agreement which should be reflected in any judgment. Specifically, defendant asserts that any declaratory judgment entered by the Court at this stage should clearly state that plaintiff's rights to the Ozarka name within the sixty-county area: (1) do not include any rights to the Ozarka retail PET business; (2) do not include any rights to recover for sales of Ozarka products by national or regional retailers; and (3) are not "perpetual" in any sense different from what is provided in the 1975 License Agreement.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff should be awarded a judgment declaring that the 1975 License Agreement between plaintiff and defendant is exclusive and it applies to all Ozarka products, including Ozarka spring water.

II.     Plaintiff's Equitable Claims

Plaintiff contends that the Court should award damages to it on the basis of unjust enrichment and promissory estoppel/detrimental reliance. Specifically, plaintiff seeks $215,176 for

unpaid Sam's Club royalties due, $1,056,474 for the underpayment of royalties, and $298,393 for amounts owed for pick-up allowances, billbacks, and other payments. In response, defendant asserts plaintiff should not be awarded these damages because they were already submitted and considered by the jury. In its reply, plaintiff contends that the damages sought by plaintiff in its motion have not been considered by the jury, and the Court should award them to plaintiff.

At trial, the Court admitted Plaintiff's Exhibit 160, which is an exhibit listing different components of plaintiff's alleged damages totaling $16,615,043. Plaintiff's Exhibit 160 specifically lists the exact damages that plaintiff is now seeking to be awarded for its equitable claims. Because Plaintiff's Exhibit 160 was admitted, it was taken back to the jury room to be considered by the jury during its deliberations. Further, during closing argument, plaintiff's counsel specifically referenced Plaintiff's Exhibit 160 and discussed each of the items of damages listed on that exhibit. *See* Excerpt of Jury Trial Plaintiff's Closing Argument at p. 44, ln. 22 - p. 45, ln. 18. Additionally, while plaintiff asserts that the only damages it sought from the jury for its breach of contract and tortious interference with business relations claims were monies owed after October 15, 2007, none of the jury instructions, and particularly none of the damage instructions, so limited the jury to damages only occurring after October 15, 2007.

Accordingly, in light of the above, the Court finds that it cannot presume that the jury did not consider the damages plaintiff is seeking to recover based upon its equitable claims of unjust enrichment and promissory estoppel/detrimental reliance. To the contrary, the Court must presume, in light of these circumstances, that the jury considered all of the damages plaintiff is now seeking and either incorporated those amounts in whole or in part into its verdict or rejected those claimed

damages in whole or in part. Therefore, the Court finds that plaintiff should not be awarded the requested damages.

III.     Defendant's Equitable Claims

Defendant contends that although the jury found in favor of plaintiff on defendant's counterclaims for unfair competition under § 43(a) of the Lanham Act and deceptive trade practices in violation of the Oklahoma Deceptive Trade Practices Act, said jury verdict was advisory only because it sought only injunctive relief, which is equitable in nature. Defendant further contends that in spite of the jury's advisory verdict, the Court should grant injunctive relief as to both counterclaims.

It is a violation of § 43(a) of the Lanham Act for "[a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce . . . any false designation of origin . . . or false or misleading representation of fact" which is likely to cause confusion as to affiliation, connection, or association of a person with another, or as to the origin, sponsorship, or approval of his goods by another. 15 U.S.C. § 1125(a). Additionally, the Oklahoma Deceptive Trade Practices Act prohibits a person from engaging in a deceptive trade practice in the course of a business. Okla. Stat. tit. 78, § 53. It is a deceptive trade practice to either: (1) "knowingly make[] a false representation as to the source, sponsorship, approval, or certification of goods or services"; (2) "knowingly make[] a false representation as to affiliation, connection, association with, or certification by another"; or (3) "knowingly make[] a false representation as to the characteristics . . . of goods or services or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith." *Id.* § 53(A)(2), (A)(3), & (A)(5).

4

Having heard the evidence presented during trial, the Court finds that defendant has not met its burden of proof of showing either a violation of § 43(a) of the Lanham Act or a violation of the Oklahoma Deceptive Trade Practices Act. Accordingly, the Court finds that defendant is not entitled to injunctive relief as to its counterclaims for unfair competition under § 43(a) of the Lanham Act and deceptive trade practices in violation of the Oklahoma Deceptive Trade Practices Act.

IV.    Amount of Verdict

Finally, defendant contends that the two verdict amounts for plaintiff's breach of contract claim and tortious interference with business relations claim should not be added together, as such would constitute a double recovery. Defendant asserts that any presumption that the jury intended that these amounts be added together is speculative and unsupportable, given that plaintiff claimed the same alleged loss was attributable to both causes of action.

As set forth above, the jury awarded $9.2 million in damages as to plaintiff's breach of contract claim and awarded $5 million in damages as to plaintiff's tortious interference with business relations claim. The Court and the parties have no way of knowing, and can only speculate as to, how the jury determined the amount of damages. Further, prior to its deliberations, the jury was instructed in Jury Instruction No. 32 to avoid duplicating damages.

"It is well settled that a verdict will not be upset on the basis of speculation as to the manner in which the jurors arrived at it." *Midwest Underground Storage, Inc. v. Porter*, 717 F.2d 493, 501 (10th Cir. 1983). Further, "[w]hen a jury is instructed not to award duplicative damages and it returns a total damage figure within the range of evidence, we are generally unwilling to disturb or

second guess the jury's verdict." *N. Amer. Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc.*, 579 F.3d 1106, 1113 (10th Cir. 2009).

Because the jury was instructed to avoid double recovery in this case and because the total of the damages awarded by the jury as to the breach of contract claim and tortious interference with business relations claim is within the range of evidence, the Court finds that the jury's award of damages should be added together. The Court finds that while plaintiff did maintain that the alleged breach of contract and tortious interference resulted in the same loss, the Court finds that it would be pure speculation on the part of the Court to find that the damages awarded as to these two claims were duplicative. Further, the Court finds that the varying amount of damages awarded as to each claim further supports a finding that the damages awarded were not duplicative.

V.      Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion for Judgment on Plaintiff's Equitable Claims [docket no. 335] as follows: (1) the Court GRANTS the motion as to plaintiff's request for declaratory judgment, and (2) the Court DENIES the motion as to plaintiff's unjust enrichment and promissory estoppel/detrimental reliance claims. Further, the Court shall issue judgment in this case based upon the jury's verdict and the above findings forthwith.

**IT IS SO ORDERED this 25th day of August, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

6