# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EUREKA WATER COMPANY, an Oklahoma corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-07-988-M |
| NESTLÉ WATERS NORTH AMERICA INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's Motion for an Award of Prejudgment Interest, filed September 8, 2010. On September 29, 2010, defendant filed its objection.

This case was tried to a jury on May 10, 2010 through June 8, 2010. After deliberation, the jury returned a verdict in favor of plaintiff and against defendant on plaintiff's breach of contract claim and tortious interference with business relations claim and in favor of defendant on plaintiff's violation of the Oklahoma Deceptive Trade Practices Act claim. The jury awarded plaintiff damages in the sum of $9.2 million as to its breach of contract claim and awarded plaintiff damages in the sum of $5 million as to its tortious interference with business relations claim. Pursuant to Okla. Stat. tit. 23, § 6, plaintiff now moves this Court to award it prejudgment interest in the amount of $2,578,666.47.

"A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest." *Strickland Tower Maint., Inc. v. AT&T Commc'ns, Inc.*, 128 F.3d 1422, 1429 (10th Cir. 1997). "Generally, prejudgment interest is not awarded in the absence of statutory authority." *Heiman v. Atl. Richfield Co.*, 891 P.2d 1252, 1258. Section 6 of title 23 of the Oklahoma Statutes provides:

> Any person who is entitled to recover <u>damages certain, or capable of being made certain by calculation</u>, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt.

Okla. Stat. tit. 23, § 6 (emphasis added). Damages are "certain" within the meaning of § 6 if they are "liquidated or capable of ascertainment by calculation or resort to well-established market values." *Strickland Tower*, 128 F.3d at 1429.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff is not entitled to prejudgment interest under § 6. Specifically, the Court finds that the damages awarded to plaintiff in this case were neither certain nor capable of being made certain by calculation. While plaintiff asserts that the jury's verdict is based upon the analysis performed by plaintiff's expert witness Todd Lisle to determine what a reasonable investor would have paid for the Ozarka PET retail business as of October 15, 2007, Mr. Lisle's analysis and conclusions support a finding of uncertain damages in this case. Specifically, Mr. Lisle did not present one specific value for the Ozarka PET retail business but instead presented three different estimated values for the Ozarka PET retail business based upon the capitalized cash flows method, the discounted future cash flows method – 6% short term growth, and the discounted future cash flows method – 11% long term growth, and presented an additional estimated income approach conclusion of value. Further, the Court finds that Mr. Lisle's damage testimony and conclusions were thoroughly and vehemently challenged by defendant. Accordingly, based upon the nature of the damages sought and the evidence presented, the Court finds that the damages awarded in this case clearly are not liquidated nor capable of ascertainment by calculation or resort to well-established market values.

Therefore, the Court DENIES plaintiff's Motion for an Award of Prejudgment Interest [docket no. 354].

**IT IS SO ORDERED this 22nd day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE