# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

EUREKA WATER COMPANY, )
an Oklahoma corporation, )
 )
       Plaintiff, )
 )
vs. ) Case No. CIV-07-988-M
 )
NESTLÉ WATERS NORTH AMERICA )
INC., a Delaware corporation, )
 )
       Defendant. )

## ORDER

Before the Court is plaintiff's Motion for Attorney's Fees, filed September 8, 2010. On September 22, 2010, defendant filed its response, and on October 4, 2010, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

In diversity cases, attorney's fees are determined by state law. *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1445 (10th Cir. 1993). Under Oklahoma law, a party generally cannot recover attorney's fees unless recovery is provided for in a contract or by statute. *See City Nat'l Bank & Trust Co. v. Owens*, 565 P.2d 4, 7 (Okla. 1977). In the case at bar, plaintiff asserts that it is entitled to attorney's fees pursuant to Okla. Stat. tit. 12, § 936 and 28 U.S.C. § 2202.

I.     Section 2202

Plaintiff contends that because it sought and obtained a declaratory judgment from the Court that the 1975 License Agreement gave it the exclusive right to the Ozarka brand in 60 Oklahoma counties and that such right extended to all Ozarka products it is entitled to attorney's fees pursuant to 28 U.S.C. § 2202. That section provides:

> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against

any adverse party whose rights have been determined by such judgment.

28 U.S.C. § 2202. The Tenth Circuit has held that district courts have the authority to award attorney's fees as part of the "further relief" described in § 2202. *See Security Ins. Co. of New Haven v. White*, 236 F.2d 215, 220 (10th Cir. 1956) ("the grant of power contained in [§ 2202] is broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding"); *see also Gant v. Grand Lodge of Tex.*, 12 F.3d 998, 1003 (10th Cir. 1993).

Having carefully reviewed the parties' submissions, the Court finds that an award of plaintiff's attorney's fees is neither necessary nor proper to effectuate relief based on the declaratory judgment entered in this case. Additionally, the Court finds no bad faith or improper litigation of this case on the part of defendant. The positions taken and arguments made by defendant in this case clearly had legal support, as shown by this Court's denial of plaintiff's request for a preliminary injunction and grant of summary judgment to defendant in relation to a number of plaintiff's claims. Accordingly, the Court finds that its discretion under § 2202 would be best exercised by denying plaintiff's request for attorney's fees based upon the declaratory judgment entered in this case.

II.   Section 936

Plaintiff contends that because the jury found in its favor on its breach of contract claim and defendant's monies due on account counterclaim, it is the prevailing party and is entitled to an award of attorney's fees pursuant to Okla. Stat. tit. 12, § 936. That section provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party

2

> shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Okla. Stat. tit. 12, § 936.

### A. Breach of contract claim

Defendant asserts that plaintiff is not entitled to attorney's fees because § 936 should be strictly interpreted and does not apply to plaintiff's breach of contract claim. Plaintiff contends that § 936 does apply because the 1975 License Agreement is a contract relating to the purchase or sale of goods.

"[R]ecent Oklahoma cases have adopted a strict interpretation of [§ 936] in *all* cases, not just those dealing with the 'labor or services' clause." *In re Meridian Res., Inc.*, 87 F.3d 406, 411 (10th Cir. 1996) (emphasis in original). The Oklahoma Supreme Court has found:

> a plain reading of § 936 in view of the amendatory history commands strict application of the statute. As originally enacted, § 936 authorized the award of attorney fees for collection on an open account, and was subsequently amended to include seven additional specific categories evidencing contractual indebtedness sought to be recovered. Our strict application rule preserves the obvious legislative intent to authorize awards of attorney fees to the prevailing parties in actions for money judgments for debts created by the contracts enumerated in the statute.

*Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 651-52 (Okla. 1991).

While the 1975 License Agreement constitutes a transaction in goods and, thus, relates to the purchase or sale of goods, the issues raised by plaintiff's breach of contract claim are the scope of plaintiff's rights under the 1975 License Agreement, and based upon the determined scope, whether defendant breached that agreement and any resulting damages from said breach. Plaintiff's breach of contract claim did not, however, involve any debt defendant owed plaintiff under the terms of the 1975 License Agreement, which under *Kay*, appears to be the only way attorney's fees are

recoverable under § 936. *See In re Meridian Res., Inc.*, 87 F.3d at 413. Accordingly, the Court finds that plaintiff is not entitled under § 936 to an award of attorney's fees for its breach of contract claim.

### B. Monies due on account counterclaim

In its response, defendant does not dispute that plaintiff is the prevailing party on defendant's monies due on account counterclaim. Defendant also does not dispute that the monies due on account counterclaim falls within the provisions of § 936. Having carefully reviewed the parties' submissions, the Court finds that plaintiff is the prevailing party on defendant's monies due on account counterclaim, that § 936 clearly applies to defendant's monies due on account counterclaim, and, thus, that plaintiff is entitled under § 936 to attorney's fees for this claim.

"In a case involving multiple claims where prevailing party attorney fees are authorized for only one claim, the law dictates that the court 'apportion' the fees so that attorney fees are awarded only for the claim for which there is authority to make the award." *Tsotaddle v. Absentee Shawnee Housing Auth.*, 20 P.3d 153, 162 (2000). Accordingly, the Court finds that this Court must apportion plaintiff's attorney's fees so that any attorney's fees awarded are only for work performed in relation to defendant's monies due on account counterclaim. However, plaintiff has not provided the Court with sufficient detailed records to enable it to apportion plaintiff's attorney's fees, and, thus, the Court can not award any fees at this time.

### III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion for Attorney's Fees [docket no. 357] as follows: The Court GRANTS plaintiff's motion for attorney's fees as to attorney's fees incurred in relation to defendant's monies due on

4

account counterclaim and DENIES plaintiff's motion for attorney's fees in all other respects. Further, the Court ORDERS plaintiff to file a supplemental brief with appropriately detailed supporting documents regarding the amount of attorney's fees that it is requesting in relation to defendant's monies due on account counterclaim by April 11, 2011. Defendant shall file any response to said brief by April 25, 2011, and plaintiff shall file any reply by May 2, 2011.

**IT IS SO ORDERED this 25th day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE