IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EUREKA WATER COMPANY, an Oklahoma corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-07-988-M |
| NESTLÉ WATERS NORTH AMERICA INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

On March 25, 2011, this Court issued an order granting plaintiff's motion for attorney's fees as to attorney's fees incurred in relation to defendant's monies due on account counterclaim and denying plaintiff's motion for attorney's fees in all other respects. The Court further ordered plaintiff to file a supplemental brief with appropriately detailed supporting documents regarding the amount of attorney's fees that it is requesting in relation to defendant's monies due on account counterclaim. On April 11, 2011, plaintiff filed its Supplemental Brief in Support of Attorney's Fees. On April 25, 2011, defendant filed its response,[1] and on May 2, 2011, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

In its supplemental brief, plaintiff divides its request for attorney's fees into the following categories: (1) witnesses who provided testimony pertaining to the monies due on account counterclaim, (2) pleadings, trial preparation, and other attorney time pertaining to the monies due on account counterclaim, and (3) fees devoted to the research, preparation and filing of plaintiff's motion for attorney's fees and subsequent briefing. The Court will address each category in turn.

---

[1]In its response, defendant does not dispute the hourly rate sought for plaintiff's counsel.

I.   <u>Witnesses</u>

In its supplemental brief, plaintiff identifies six witnesses as providing meaningful testimony regarding defendant's monies due on account counterclaim. Plaintiff then sets forth the percentage of deposition and/or trial testimony plaintiff contends these witnesses gave pertaining to the monies due on account counterclaim. Based on these percentages, plaintiff determines the amount of attorney's fees it contends plaintiff is entitled to in relation to these witnesses. Defendant initially asserts that plaintiff's method of allocating fees by witness page count is not reasonable. Defendant further asserts that even if that approach were accepted, plaintiff's allocations are inappropriately inflated.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff's method of allocating fees based upon the percentage of the witnesses' testimony that pertained to the monies due on account counterclaim is reasonable. Further, having carefully reviewed the deposition and trial testimony at issue, the Court finds the appropriate attribution of percentages of the witnesses' testimony to the monies due on account counterclaim is as follows: (1) Perry Green – 9% of his deposition testimony[2] and 2% of his trial testimony;[3] (2) Steve McDaniel – 0% of his deposition and trial testimony; (3) William Pearson – 2% of his deposition testimony[4] and 9% of his trial

---

[2]This would consist of pages 84-87, 99-105, 107-121, and 289-291.

[3]This would consist of pages 1107-1108 and 1219.

[4]This would consist of pages 199-200 and 238-240.

testimony;[5] (4) Robert Lowe – 30% of his deposition testimony[6] and 74% of his trial testimony;[7] (5) Ron Cole – 28% of his trial testimony;[8] and (6) Steve Raupe – 0% of his trial testimony.

Defendant also objects to the billing time entries related to the above witnesses. Defendant asserts that these time entries constitute block billing and that it is impossible to know what percentage of the entry's particular time total should be assigned to the tasks related to the witness in question. Defendant further asserts that plaintiff is seeking fees for the same task twice.

Having carefully reviewed the billing time entries related to the above witnesses, the Court finds that defendant's objection has merit. Nearly all of the billing time entries contains a number of tasks, many of which have nothing to do with the witness in question. Further, in contrast to what plaintiff did in relation to non-witness billing time entries, plaintiff does not set forth any percentage for each time entry that relates to the witness in question. Thus, for a great number of the billing time entries, this Court is left to determine on its own what the percentage should be or to simply deny any attorney's fees for that time entry. Due to this Court's great familiarity with this case, the Court elects the first option.

Upon review of the billing time entries, the Court reduces the entries as follows:

A.  Perry Green's deposition – E. Clogston's 9/21/09 entry reduced to .2 hours, E. Clogston's 9/23/09 entry reduced to .4 hours, T. Factor's 9/24/09 entry reduced to .25 hours, R. Gilliland's 10/21/09 entry reduced to 1.5 hours, R. Gilliland's 10/22/09 entry reduced to 1.6 hours, and R. Shinn's 9/30/09 entry reduced to 2.95 hours. With these reductions, the new subtotal of the amount of attorney's fees is $6,995.50.

---

[5]This would consist of pages 2471-2480.

[6]This would consist of pages 6-13, 18-24, 37-42, 58-78, 91-112, 150-154, 218, 224-230, and 233-241.

[7]This would consist of pages 2114-2119, 2122-2126, 2131-2145, 2149-2153, and 2161-2175.

[8]This would consist of pages 693-696, 715-723, and 766-775.

Applying the percentage set forth above, the total amount of attorney's fees for Mr. Green's deposition is $629.60.

B.    Perry Green's trial testimony – P. Jones' 4/7/10 entry reduced to 2.07 hours, P. Jones' 4/26/10 entry reduced to 0.52 hours, R. Shinn's 5/14/10 entry reduced to 0 hours, R. Shinn's 5/15/10 entry reduced to 0 hours, and R. Shinn's 5/20/10 entry reduced to 0.7 hours. With these reductions, the new subtotal of the amount of attorney's fees is $5,322.05. Applying the percentage set forth above, the total amount of attorney's fees for Mr. Green's trial testimony is $106.44.

C.    William Pearson's deposition – E. Clogston's 6/24/09 entry reduced to 0.72 hours, E. Clogston's 6/26/09 entry reduced to 2 hours, E. Clogston's 7/16/09 entry reduced to 0.84 hours, E. Clogston's 7/24/09 entry reduced to 3.6 hours, R. Gilliland's 7/29/09 entry reduced to 4.5 hours, and R. Gilliland's 7/30/09 entry reduced to 4.6 hours. With these reductions, the new subtotal of the amount of attorney's fees is $5,801.10. Applying the percentage set forth above, the total amount of attorney's fees for Mr. Pearson's deposition is $116.02.

D.    William Pearson's trial testimony – R. Gilliland's 5/15/10 entry reduced to 1.15 hours, R. Gilliland's 5/16/10 entry reduced to 2.25 hours, R. Gilliland's 5/29/10 entry reduced to 1.75 hours, R. Gilliland's 5/30/10 entry reduced to 2.3 hours, R. Gilliland's 5/31/10 entry reduced to 1.7 hours, R. Gilliland's 6/2/10 entry reduced to 2.5 hours, and R. Gilliland's 6/3/10 entry reduced to 2 hours. With these reductions, the new subtotal of the amount of attorney's fees is $4,095.00. Applying the percentage set forth above, the total amount of attorney's fees for Mr. Pearson's trial testimony is $368.55.

E.    Robert Lowe's deposition – E. Clogston's 5/6/09 entry reduced to 0.25 hours, E. Clogston's 5/20/09 entry reduced to 0.25 hours, E. Clogston's 5/21/09 entry reduced to 1.25 hours, R. Shinn's 5/22/09 entry reduced to 0.3 hours, R. Shinn's second 5/22/09 entry reduced to 0.55 hours, R. Shinn's 5/23/09 entry reduced to 1 hour, R. Shinn's 5/26/09 entry reduced to 1.2 hours, and R. Shinn's 5/27/09 entry reduced to 4.5 hours. With these reductions, the new subtotal of the amount of attorney's fees is $4,020.75. Applying the percentage set forth above, the total amount of attorney's fees for Mr. Lowe's deposition is $1,206.23.

F.    Robert Lowe's trial testimony – R. Shinn's 5/29/10 entry reduced to 4.2 hours, R. Shinn's 5/30/10 entry reduced to 5.7 hours, R. Shinn's 5/31/10 entry reduced to 3.25 hours, and R. Shinn's 6/1/10 entry reduced to 7 hours. With these reductions, the new subtotal of the amount of attorney's fees is $4,735.25. Applying the percentage set forth above, the total amount of attorney's fees for Mr. Lowe's trial testimony is $3,504.09.

   G.  Ron Cole's trial testimony – R. Shinn's 5/8/10 entry reduced to 2 hours, R. Shinn's 5/9/10 entry reduced to 2 hours, and R. Shinn's 5/11/10 entry (which the Court believes should be 5/14/10 the date Mr. Cole testified) reduced to 6 hours. With these reductions, the new subtotal of the amount of attorney's fees is $2,350.00. Applying the percentage set forth above, the total amount of attorney's fees for Mr. Cole's trial testimony is $658.00.

Based upon the above, the Court finds that plaintiff is entitled to an award of $6,588.93 in attorney's fees for the time counsel spent in relation to the deposition and/or trial testimony of Mr. Green, Mr. Pearson, Mr. Lowe, and Mr. Cole.

II.  <u>Pleadings, Trial Preparation, and Other Attorney Time</u>

In its supplemental brief, plaintiff also seeks attorney's fees for time spent drafting pleadings, briefs, motions, legal research, and jury instructions related to the monies due on account counterclaim. Defendant objects to the billing time entries and assert that they constitute block billing and that it is impossible to know what percentage of the entry's particular time total should be assigned to the monies due on account counterclaim. Although the majority of the time entries appear to be block billing, plaintiff sets forth a percentage for each entry as to the amount of time related to the monies due on account counterclaim.

Having carefully reviewed plaintiff's billing time entries, the Court finds that while the block billing nature of the entries is troublesome, plaintiff's apportionment of each entry appears reasonable and appropriate. The Court, therefore, finds that plaintiff is entitled to the attorney's fees requested, with the following exceptions: Penni Jones' 7/22/09 entry should be reduced to 30%, the percentage of Mr. Lowe's deposition the Court determined related to the monies due on account counterclaim; Penni Jones' 7/23/09 entry should be reduced to 30% for the same reason; Penni Jones' 9/8/09 entry should be reduced to 30% for the same reason; and Penni Jones' 4/7/10 entry should be excluded as it is a duplicate of an entry included in relation to Perry Green. Accordingly,

the Court finds that plaintiff is entitled to an award of $5,035.89 in attorney's fees for the time counsel spent drafting pleadings, briefs, motions, legal research, and jury instructions related to the monies due on account counterclaim.

III.  Motion for Attorney's Fees and Subsequent Briefing

Plaintiff asserts that it is entitled to $42,215.00 in fees for time its attorneys spent in seeking a fee award.  Defendant contends that plaintiff is not entitled to fees for all of its post-judgment work because none of the work was spent disputing whether Okla. Stat. tit. 12, § 936 applied to the monies due on account counterclaim.  Defendant further contends that plaintiff has not properly apportioned its request to include only fees applicable to the monies due on account counterclaim.  Additionally, defendant contends that much of the attorney review time after the Court's March 25, 2011 Order was necessitated by the lack of sufficient detail in plaintiff's counsel's time and billing records and should accordingly be reduced.

In *Hamilton v. Telex Corp.*, 625 P.2d 106, 108 n.6 (Okla. 1981), the Oklahoma Supreme Court found that a party seeking fees under § 936 was entitled to an award of attorney's fees for the time spent seeking attorney's fees.  Thus, this Court finds that plaintiff is entitled to some award of attorney's fees for the time counsel spent in relation to seeking attorney's fees in this case.  However, this Court granted plaintiff's motion for attorney's fees only as to attorney's fees incurred in relation to defendant's monies due on account counterclaim and denied the remainder of plaintiff's motion.  Additionally, practically all of plaintiff's briefing in relation to its motion for attorney's fees and reply to defendant's response to that motion addressed whether § 936 applied to the 1975 Licensing Agreement and whether fees should be awarded under 28 U.S.C. § 2202.  Because the Court denied plaintiff's motion as to these issues, the Court finds that plaintiff is not

entitled to any award of attorney's fees for work performed in relation to its initial motion for attorney's fees and its reply to defendant's motion.

Having carefully reviewed plaintiff's supplemental brief and reply, as well as the documentation attached to those briefs, the Court finds that plaintiff is entitled to all of its requested attorney's fees for the work performed in relation to seeking attorney's fees after this Court's March 25, 2011 Order. Specifically, the Court finds that the amount requested is clearly reasonable, particularly in light of the magnitude of this case and the formidable task of determining which fees were attributable to the monies due on account counterclaim. The Court further finds that plaintiff's time entries provided in support of its request are sufficiently detailed. Accordingly, the Court finds that plaintiff is entitled to an award of $23,232.50 in attorney's fees for the time counsel spent seeking attorney's fees in relation to the monies due on account counterclaim.

IV.   Conclusion

For the reasons set forth above, the Court AWARDS plaintiff attorney's fees in the amount of $34,857.32.

**IT IS SO ORDERED this 28th day of September, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE