**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EUREKA WATER COMPANY,<br>an Oklahoma corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>NESTLÉ WATERS NORTH AMERICA<br>INC., a Delaware corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-07-988-M<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is defendant's Motion for Review of Court Clerk's Order Denying Defendant's Bill of Costs, filed October 10, 2012. On November 5, 2012, plaintiff filed its response, and on November 13, 2012, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Background

Plaintiff alleged that a 1975 agreement grants it the exclusive license in 60 Oklahoma counties to sell spring water and other products using the Ozarka trademark. Plaintiff sued defendant, the current owner of the Ozarka trademark, to obtain a declaratory judgment of that right and to obtain monetary relief under several theories, including breach of contract, tortious interference with business relations, unjust enrichment, and promissory estoppel. A jury found for plaintiff on its contract and tortious interference claims, and this Court entered a judgment declaring that the 1975 agreement granted plaintiff the exclusive right that it claimed in the Ozarka trademark. In a post-verdict order, this Court denied as duplicative plaintiff's equitable claims based on unjust enrichment and promissory estoppel. Defendant appealed the declaratory judgment and the money

judgment on the breach of contract and tortious interference claims, and plaintiff cross-appealed on the dismissal of its equitable claims.

On appeal, the Tenth Circuit:

> REVERSE[D] the district court's denial of Nestle's motion for judgment as a matter of law on Eureka's contract and tortious-interference claims, REVERSE[D] the declaratory judgment, and REMAND[ED] to the district court with instructions to enter judgment in favor of Nestle on the contract and tortious-interference claims. We REVERSE the district court's denial of Eureka's promissory-estoppel claim and REMAND that claim to the district court for further consideration in light of this opinion. We AFFIRM the district court's denial of relief on Eureka's unjust-enrichment claim.

*Eureka Water Co. v. Nestle Waters N. Am., Inc.*, 690 F.3d 1139, 1156 (10th Cir. 2012).

Defendant filed bills of costs pursuant to Federal Rule of Appellate Procedure 39 for its appellate costs in the Tenth Circuit and in this Court. In the Tenth Circuit, defendant sought copy costs in the amount of $8,533.83 as authorized by Rule 39(c), and in this Court, defendant sought its appellate filing fees, transcript expenses, preparation and transmission of record costs, and its supersedeas bond premiums, in the total amount of $149,299.53, pursuant to Rule 39(e). Plaintiff filed objections in both the Tenth Circuit and in this Court.

On September 24, 2012, the Tenth Circuit issued an order ruling on defendant's bill of costs. The Tenth Circuit Order states, in its entirety:

> This matter is before the court on the bill of costs filed by defendant-appellant/cross-appellee Nestle Waters North America, Inc. (Nestle) and the objection to the bill of costs filed by plaintiff-appellee/cross appellant Eureka Water Company (Eureka). In an opinion filed on August 3, 2012, this panel ruled in favor of Nestle (as to the contract, tortious interference and unjust enrichment claims) but also ruled in favor of Eureka (reversing the district court's denial of its promissory estoppel claim, remanding that claim for further consideration). Nestle now seeks to recover its costs in

> the amount of $8,533.83, pursuant to Fed. R. App. P. 39 and 10th Cir. R. 39.1.
>
> Upon consideration of the bill of costs, Eureka's objection, and the file as a whole, the court orders that Nestle shall be awarded its costs in the amount of $4,300. A copy of this order shall serve as a supplement to the mandate issued on September 7, 2012.

Tenth Circuit's September 24, 2012 Order [docket no. 457].

At the costs hearing in this Court, plaintiff contended that this Court lacks authority to award any costs under Rule 39(e) because the Tenth Circuit did not specifically authorize an award of costs. On October 3, 2012, the Court Clerk of the Western District of Oklahoma issued an Enter Order finding as follows:

> The Bill of Cost filed by Defendant, Nestle Waters of North America on August 17, 2012, [Doc. 450] is hereby denied. Defendant appealed this Court's decision to the Tenth Circuit Court of Appeals and the Tenth Circuit "affirmed in part and reversed in part" [Doc. 449]. The Federal Rules of Appellate Procedure govern the award of costs for appeal-related expenses. Fed. R. App. P. Rule 39(a)(4) provides "if a judgment is affirmed in part, reversed in part, or vacated, cost are taxed as the court orders." The Tenth Circuit's opinion in this case is silent as to appellate costs and therefore must be denied pursuant to Fed. R. App. P. Rule 39(a)(4) and Rule 39(e).

October 3, 2012 Enter Order [docket no. 459].

Defendant now moves the Court to review the Court Clerk's October 3, 2012 Enter Order and to award the costs sought by defendant.

II.   Discussion

Rule 39 provides, in pertinent part:

> **(a) Against Whom Assessed.** The following rules apply unless the law provides or the court orders otherwise:
> **(1)** if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
> **(2)** if a judgment is affirmed, costs are taxed against the appellant;

3

>   **(3)** if a judgment is reversed, costs are taxed against the appellee;
>   **(4)** if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.
>
>   \*       \*       \*
>
>   **(e) Costs on Appeal Taxable in the District Court.**
>   The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>   **(1)** the preparation and transmission of the record;
>   **(2)** the reporter's transcript, if needed to determine the appeal;
>   **(3)** premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
>   **(4)** the fee for filing the notice of appeal.

Fed. R. App. P. 39(a),(e).

Thus, as set forth above, Rule 39(e) costs are taxable only "for the benefit of the party entitled to costs under this rule." Fed. R. App. P. 39(e). In turn, "the party entitled to costs" is determined by reference to subsection (a) of Rule 39. When a judgment is affirmed in part, reversed in part, modified, or vacated, Rule 39(e) costs are taxed "only as the court orders." Fed. R. App. P. 39(a)(4).

The majority of federal courts have held that Rule 39(e) requires the appellate court, not the district court, to identify "the party entitled to costs" when Rule 39(a)(4) applies. *See Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905-RMW, 2012 WL 95417, at *2 (N.D. Cal. 2012). Further,

> [o]nce a party is designated by the appellate court without limitation as the party entitled to costs under subsection (a)(4), it is entitled to seek costs in the same manner as is a prevailing party under subsections (a)(1), (2), and (3), and may seek, in the district court, those costs taxable under Rule 39(e). . . . Thus, once a party is entitled to costs, whether pursuant to Rules 39(a)(1) through (3), or by order of the appellate court under Rule 39(a)(4), it is entitled to seek costs in the district court pursuant to Rule 39(e).

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 29 (2d Cir. 2010).

In the case at bar, the Tenth Circuit reversed the judgment in part, affirmed the judgment in part, and remanded plaintiff's promissory estoppel claim to this Court for further consideration. Accordingly, the Court finds that "the party entitled to costs" is determined under Rule 39(a)(4) and that defendant must be designated by the Tenth Circuit without limitation as "the party entitled to costs" prior to this Court awarding any costs pursuant to Rule 39(e).[1] Having carefully reviewed the Tenth Circuit's September 24, 2012 Order, the only order issued by the Tenth Circuit that mentions appellate costs, the Court finds that the Tenth Circuit has not designated without limitation defendant as "the party entitled to costs." In its order, the Tenth Circuit does not state that defendant is entitled to costs pursuant to Rule 39, instead the Tenth Circuit only states that defendant "shall be awarded its costs in the amount of $4,300." Reviewing the Tenth Circuit's order in its entirety, and noting that the amount of costs awarded to defendant is approximately one half of the amount it sought from the Tenth Circuit, the Court finds that the Tenth Circuit's order can not reasonably be construed as any designation that defendant is "the party entitled to costs" and is entitled to seek costs in this Court pursuant to Rule 39(e).[2] This Court may neither ignore nor expand the Tenth

---

[1] The Court finds its determination that Rule 39(a)(4) applies to this case is further supported by the Tenth Circuit's September 24, 2012 Order, in which the Tenth Circuit specifically notes that it ruled in favor of defendant and ruled in favor of plaintiff.

[2] This finding is further supported by the Tenth Circuit's order in *Pers. Dep't, Inc. v. Prof'l Staff Leasing Corp.*, 297 F. App'x 773 (10th Cir. 2008). In that order, the Tenth Circuit specifically found:

> Plaintiff's verified bill of costs is **GRANTED** for the total amount of $1,284.40. To the extent reimbursement is sought by Plaintiff for costs taxable in the district court, such as filing fees, Plaintiff may file an appropriate motion in the district court. *See* Fed. R. App. P. 39(e). We conclude that Plaintiff is "the party entitled to costs" within the meaning of that Rule.

*Id.* at 792. The *Personnel Department* order clearly shows that when the Tenth Circuit makes a determination of "the party entitled to costs" pursuant to Rule 39(a)(4) it does so explicitly and not

Circuit's ruling. Accordingly, because the Tenth Circuit has not designated defendant as "the party entitled to costs," the Court finds it has no authority to award costs pursuant to Rule 39(e) and that the Court Clerk's denial of defendant's bill of costs was correct.

III. Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion for Review of Court Clerk's Order Denying Defendant's Bill of Costs [docket no. 460].

**IT IS SO ORDERED this 24th day of May, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

by implication.